UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

PHILLIP HORSWELL,

          Petitioner,

v.

EMILY PIPER,

          Respondent.

Case No. 17-CV-5389 (JRT/DTS)

REPORT AND RECOMMENDATION

Petitioner Phillip Horswell[1] was civilly committed as mentally ill and dangerous in 2009 by the State of Minnesota.  *See In re Commitment of Horswell*, No. A10-488, 2010 WL 3220161, at *1 (D. Minn. Aug. 17, 2010).  Horswell now brings a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, arguing that the commitment proceedings did not comport with his due process rights.  But the petition is far too late, and Horswell did not first fully exhaust his due process claims before the state courts.  Accordingly, it is recommended that the petition be dismissed.[2]

The Minnesota Court of Appeals set forth the events leading to Horswell's commitment as follows:

> Evidence presented at the initial-commitment hearing showed that, after police were dispatched to a disturbance at [Horswell's] residence and could not reach anyone inside, they set up a

---

[1] The underlying state court records in this matter relate the petitioner's first name as "Philip," but petitioner himself uses "Phillip" throughout the documents that he has prepared for this Court, including the habeas corpus petition.

[2] This Court's review of the petition is conducted pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

> perimeter in an adjoining cornfield.  An officer, who was lying down in the cornfield, testified that he saw [Horswell] exit the residence carrying a shotgun, scan the cornfield where the officers were located, and fire the gun in their direction, aiming at a height of six or seven feet.  The officer testified that he felt threatened by [Horswell's] actions and that a person standing up in the cornfield could have been hit in the head by [Horswell's] shot.  [Horswell] testified that he was not shooting the firearm at a person but was only testing it for a broken pin.

*In re Commitment of Horswell*, 2010 WL 3220161, at *2.  The district court concluded that the firing of a gun in the direction of officers "constituted an overt act attempting to cause serious physical harm to another," and the Minnesota Court of Appeals found that this conclusion was backed by clear and convincing evidence.  *Id*.  The district court also found, again by clear and convincing evidence, that Horswell suffered from a mental illness.  "Therefore," concluded the Minnesota Court of Appeals, "clear and convincing evidence supports the conclusion that the statutory requirements for appellant's indeterminate commitment as mentally ill and dangerous were met."  *Id*. (citing Minn. Stat. § 253B.02).

Horswell now challenges the legality of the civil-commitment proceedings, claiming that he was not permitted to cross-examine witnesses, that he was wrongfully denied a continuance of the probable cause hearing, and that his attorney did not provide adequate representation at the commitment hearings.  *See* Am. Petition at 5 [ECF No. 7].  An in-depth analysis of the merits of Horswell's claims is unnecessary, though, because Horswell's petition is plainly barred by the relevant statute of limitations.  Under 28 U.S.C. § 2244(d)(1):

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The final three of those provisions are inapplicable to this case, as (1) there was never any impediment to Horswell filing a habeas petition previously; (2) Horswell is not asserting that he is entitled to relief pursuant to a constitutional right only recently recognized by the Supreme Court; and (3) Horswell's claim is not predicated on any new factual predicate.

Under § 2244(d)(1)(A), then, Horswell was required to file his habeas petition within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ." The Minnesota Court of Appeals affirmed the relevant judgment on August 17, 2010. Horswell did not seek review from the Minnesota Supreme Court, and his right to do so ended 30 days later on September 16, 2010. *See* Minn. R. App. P. 117, subd. 1. The one-year federal limitations period began on that date and expired on September 16, 2011. Horswell did not initiate these habeas corpus proceedings until December 2017, more than six years after the limitations period had run out.

Even if Horswell's petition were timely, however, another procedural impediment would stand in his way. A federal court cannot entertain a habeas corpus petition filed by a state prisoner unless the prisoner has exhausted all available state court remedies for all of his claims. *See* 28 U.S.C. § 2254(b) and (c). To satisfy the exhaustion of state court remedies requirement, the prisoner must show that all of his federal constitutional claims have been fairly presented to, and decided on the merits by, the highest available state court. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."). As explained above, Horswell did not seek review from the Minnesota Supreme Court, and thus he could not have fully exhausted his claims in the state courts.[3]

Because Horswell's petition is untimely and his claims have not been fully exhausted before the state courts, it is recommended that his petition for a writ of habeas corpus be dismissed. Only one matter merits further comment: A § 2254 habeas corpus petitioner cannot appeal an adverse ruling on his petition unless he is granted a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28

---

[3] By all indications, Horswell did not present his federal habeas corpus claims to the Minnesota Court of Appeals either, as the only argument addressed by that court was whether the evidence introduced at the civil-commitment hearings was sufficient to justify commitment (a claim not raised before this Court). *See In re Commitment of Horswell*, 2010 WL 3220161, at *1-2. But it is sufficient to note, for purposes of this Recommendation, that § 2254(b) requires presentment of claims to the Minnesota Supreme Court and that Horswell has never done so.

U.S.C. § 2253(c)(2). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In this case, it is highly unlikely that any other court, including the Eighth Circuit Court of Appeals, would treat Horswell's current habeas corpus petition differently than it is being treated here. Horswell has not identified, and this Court cannot discern, anything novel, noteworthy or worrisome about this case that warrants appellate review. It is therefore recommended that Horswell should not be granted a COA in this matter.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. The petition for a writ of habeas corpus of petitioner Phillip Horswell [ECF No. 7] be DISMISSED.

2. No certificate of appealability be issued.

Dated: February 21, 2018

*s/ David T. Schultz*
David T. Schultz
United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14

days after being served a copy of the objections.  LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in LR 72.2(c).